IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                     Plaintiff,

         v.

                                            Civil No. ------------------

COLONIAL OIL INDUSTRIES, INC.,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>CONSENT DECREE</u>

# TABLE OF CONTENTS

I.        JURISDICTION AND VENUE ................................................................................... 4

II.       APPLICABILITY.......................................................................................................... 4

III.      DEFINITIONS ............................................................................................................. 5

IV.      CIVIL PENALTY........................................................................................................ 6

V.        RIN RETIREMENT AND REPORTING REQUIREMENTS ................................... 7

VI.      CERTIFICATION REQUIREMENTS......................................................................... 9

VII.     STIPULATED PENALTIES......................................................................................... 9

VIII.   FORCE MAJEURE ................................................................................................... 13

IX.      DISPUTE RESOLUTION ......................................................................................... 15

X.        INFORMATION COLLECTION AND RETENTION.............................................. 17

XI.      EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS.................................... 19

XII.     COSTS ....................................................................................................................... 20

XIII.    NOTICES .................................................................................................................. 20

XIV.    EFFECTIVE DATE ................................................................................................... 22

XV.     RETENTION OF JURISDICTION .......................................................................... 22

XVI.    MODIFICATION ...................................................................................................... 22

XVII.   TERMINATION........................................................................................................ 23

XVIII. PUBLIC PARTICIPATION...................................................................................... 23

XIX.    SIGNATORIES/SERVICE ....................................................................................... 24

XX.     INTEGRATION ........................................................................................................ 24

XXI.    26 U.S.C. SECTION 162(F)(2)(A)(II) IDENTIFICATION ..................................... 25

XXII.   HEADINGS............................................................................................................... 25

XXIII. FINAL JUDGMENT ............................................................................................... 25

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA") has filed a complaint in this action concurrently with this Consent Decree, alleging that Defendant, Colonial Oil Industries, Inc. ("Defendant"), violated Sections 211(h) and (o) of the Clean Air Act ("CAA"), 42 U.S.C. § 7545(h) and (o).

Defendant is an importer and producer of diesel and gasoline and distributes such fuel throughout the eastern United States, including to marine terminals.  The Complaint against Defendant alleges that between 2013 and 2019, Defendant improperly excluded over 100 million gallons of diesel from its Renewable Volume Obligation ("RVO") calculations.  The United States contends that Defendant imported and supplied the diesel to non-oceangoing marine vessels and should have included these volumes of diesel in Defendant's RVO calculations.  The United States further contends that, because Defendant did not include these volumes in its RVO calculations, it failed to retire 9,004,874 Renewable Identification Numbers ("RINs") necessary to meet its RVO obligations under the Renewable Fuel Standard ("RFS") regulations between 2013 and 2019.  The Complaint also alleges that in 2018, Defendant produced three batches of gasoline totaling over one million gallons at two different Colonial Oil facilities in Savannah, GA and Jacksonville, FL that failed to comply with the CAA's gasoline volatility standards.

Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I (Jurisdiction and Venue),

US 175122307v1

and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and CAA Sections 205(b) and 211(d), 42 U.S.C. §§ 7524(b) and 7545(d), and over the Parties.  Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because Defendant's primary place of business is located in this judicial district.  For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant and consents to venue in this judicial district.

2.      For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Sections (h) and (o) of the CAA, 42 U.S.C. §§ 7545(h) and (o), and their implementing regulations set forth at 40 C.F.R. Part 80.

## II.      APPLICABILITY

3.      The obligations of this Consent Decree apply to and are binding upon the United States, and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

4.      No transfer of ownership or operation of Defendant's business, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendant of its obligation to ensure that the terms of the Decree are implemented.  At least 30 Days prior to such transfer, Defendant shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA and DOJ, in accordance with Section XIII (Notices).

4

Any attempt to transfer ownership or operation of Defendant's business without complying with this Paragraph constitutes a violation of this Decree.

5.      Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

6.      In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

### III.   DEFINITIONS

7.      Terms used in this Consent Decree that are defined in the CAA or in regulations promulgated pursuant to the CAA have the meanings assigned to them in the CAA or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions apply:

"CAA" means the Clean Air Act, as amended, 42 U.S.C. §§ 7401, et seq.;

"Complaint" means the complaint filed by the United States in this action;

"Consent Decree" or "Decree" means this Decree;

"Day" means a calendar day unless expressly stated to be a business day.  In computing any period of time for a deadline under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period runs until the close of business of the next business day;

"Defendant" means Colonial Oil Industries, Inc.;

5

"DOJ" means the United States Department of Justice and any of its successor

departments or agencies;

"EPA" means the United States Environmental Protection Agency and any of its

successor departments or agencies;

"Effective Date" means the definition provided in Section XIV;

"Paragraph" means a portion of this Decree identified by an Arabic numeral;

"Parties" means the United States and Defendant;

"Section" means a portion of this Decree identified by a Roman numeral; and

"United States" means the United States of America, acting on behalf of EPA.

## IV.   CIVIL PENALTY

8.      Within 30 Days after the Effective Date, Defendant shall pay the sum of

$2,805,420 as a civil penalty, together with interest accruing from August 21, 2023, at the rate

specified in 28 U.S.C. § 1961 as of the date of lodging.

9.      Defendant shall pay the civil penalty due, together with interest, by FedWire

Electronic Funds Transfer ("EFT") to the DOJ account, in accordance with instructions provided

to Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for

the Southern District of Georgia after the Effective Date.  The payment instructions provided by

the FLU will include a Consolidated Debt Collection System ("CDCS") number, which

Defendant shall use to identify all payments required to be made in accordance with this Consent

Decree.  The FLU will provide the payment instructions to:

Clay Cheshire
Executive Vice President, CFO
Colonial Group, Inc.
101 North Lathrop Ave. (31415)
P.O. Box 576

6

Savannah, GA 31402-0576
912.443.6689
CCheshire@colonialgroupinc.com

on behalf of Defendant.  Defendant may change the individual to receive payment instructions

on its behalf by providing written notice of such change to DOJ and EPA in accordance with

Section XIII (Notices).

10.     At the time of payment, Defendant shall send notice that payment has been made:

(i) to EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati

Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; (ii) to DOJ via email

or regular mail in accordance with Section XIII; and (iii) to EPA in accordance with

Section XIII.  Such notice shall state that the payment is for the civil penalty owed pursuant to

the Consent Decree in *United States v. Colonial Oil Industries, Inc.* and shall reference the civil

action number, CDCS Number and DOJ case number 90-5-2-1-12553.

11.     Defendant shall not deduct any penalties paid under this Decree pursuant to this

Section or Section VII (Stipulated Penalties) in calculating its federal income tax.

## V.     RIN RETIREMENT AND REPORTING REQUIREMENTS

12.     By March 31, 2026, Defendant shall retire a total of 9,004,874 unexpired valid

RINs associated with the RFS regulations' categories of renewable fuel set forth in 40 C.F.R. §

80.1425(g) as follows:

a.     95,814 unexpired valid RINs to comply with the Cellulosic Biofuel RVO;

b.     an additional 1,625,857 unexpired valid RINs to comply with the
Biomass-Based Diesel RVO;

c.     an additional 343,466 unexpired valid RINs to comply with the Advanced
Biofuel RVO; and

7

      d.      an additional 6,939,737 unexpired valid RINs to comply with the

            Renewable Fuel RVO.

13.    Defendant shall retire the RINs identified in Paragraph 12 in the EPA Moderated

Transaction System using EMTS Retirement Code 70 – Enforcement Obligation.  The retirement

must include the notation "OECA – U.S. v. Colonial Oil Industries, Inc." and indicate which

RVO the RIN is being allocated towards in the EMTS transaction comment field of the

retirement transaction.

14.    Within 30 Days of retiring all of the RINs required under Paragraph 12 or any

RINs required under Paragraph 16, Defendant shall submit to the United States a RIN

Retirement Report that documents: (a) the EMTS submission date(s) that the RINs were retired;

(b) the number, D-Code and vintage (year) of each RIN that was retired; and (c) the EMTS

transaction ID for each RIN retirement transaction.  Defendant shall submit the RIN Retirement

Report to EPA and DOJ at the addresses set forth in Section XIII (Notices).

15.    The reporting requirements of this Consent Decree do not relieve Defendant of

any reporting obligations required by the CAA or implementing regulations, or by any other

federal, state, or local law, regulation, permit, or other requirement.

16.    Should Defendant determine, or be informed by EPA, within 5 years of the

retirement date, that any RINs it retired in accordance with Paragraph 12 are invalid, Defendant

shall retire an equivalent number of valid replacement RINs within 60 Days of that event, or

within such other time period that EPA and Defendant agree to in writing.  An EPA

determination that any RINs retired in accordance with Paragraph 12 are invalid shall be

provided to Defendant in writing.

8

17.     If after termination of this Consent Decree pursuant to Section XVIII and within 5 years of the retirement date, Defendant determines, or is informed by EPA, that any RINs retired in accordance with Paragraph 12, above, are invalid, Defendant shall, regardless of the termination of this Consent Decree, be required to retire an equivalent number of valid replacement RINs within 60 Days of that event, or in such other time period Defendant and EPA agree to in writing, in accordance with the provisions of this Section.

## VI.     CERTIFICATION REQUIREMENTS

18.     Any submittal required by Section V (RIN Retirement and Reporting Requirements) or Section VIII (Force Majeure) shall be signed by an official of Defendant, in its capacity as the submitting party, and include the following certification:

> I certify under penalty of perjury that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I have no personal knowledge that the information submitted is other than true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

19.     This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

20.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII.     STIPULATED PENALTIES

21.     Defendant shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section IX (Force

US 175122307v1

Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

22.     Late Payment of Civil Penalty.  If Defendant fails to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, Defendant shall pay a stipulated penalty of $10,000 per Day for each Day that the payment is late during the first 15 Days and $20,000 for each Day thereafter.

23.     Reporting Requirements.  The following stipulated penalties shall accrue per violation per Day for each violation of the reporting requirements of Section V:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 14th Day |
| $5,000 | 15th through 30th Day |
| $10,000 | 31st Day and beyond |

24.     RIN Retirement Requirements.  If Defendant fails to retire the number of RINs specified in Paragraphs 12 or 16, Defendant shall pay a stipulated penalty of $5,000 per Day for each Day Defendant is late meeting its RIN retirement requirements during the first 20 Days, $10,000 for Days 21-30, and $55,808 for each Day thereafter.  In addition, Defendant shall pay a one-time stipulated penalty of $0.50 per RIN not retired by the dates specified in Paragraphs 12 and 16.

25.     Use of Invalid RINs.  If Defendant uses invalid RINs to meet its requirements under Paragraph 12, Defendant shall pay a one-time stipulated penalty of up to $0.40 per invalid RIN unless Defendant demonstrates that it meets the affirmative defense criteria set forth in 40 C.F.R. § 80.1473(e)(1)-(5).  To assert this affirmative defense, Defendant must submit a written report to EPA including all pertinent supporting documentation demonstrating that the

10

requirements of 40 C.F.R. § 80.1473(e)(1)-(5) are met.  The written report must be submitted within 30 Days of Defendant either discovering or being notified of the invalidity of the RINs at issue.

26.     <u>Transfer of Ownership</u>.  If Defendant fails to: (a) provide a copy of this Consent Decree to any proposed transferee; (b) provide written notice to the United States at least 30 Days prior to any transfer of ownership or operation of the Defendant's business; or (c) provide a copy of the proposed written agreement with the transferee as required by Paragraph 4, Defendant shall pay a stipulated penalty of $25,000 per occurrence.

27.     Defendant shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

28.      The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due to it under this Consent Decree.

29.     Stipulated penalties shall continue to accrue as provided in Paragraph 47, during any Dispute Resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

b.     If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.     If any Party appeals the District Court's decision, Defendant shall pay all

11

accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

30.     Defendant shall pay stipulated penalties owing to the United States in the manner set forth in Paragraph 9 and with the confirmation notices required by Paragraph 10, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

31.     If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

32.     The payment of penalties and interest, if any, shall not alter in any way Defendant's obligation to complete the performance of the requirements of this Consent Decree.

33.     Non-Exclusivity of Remedy.  Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree.  Subject to the provisions of Section XI (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for Defendant's violation of this Decree or applicable law, including but not limited to an action against Defendant for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt.  However, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

US 175122307v1

VIII.   FORCE MAJEURE

34.     "Force majeure," for purposes of this Consent Decree, means any event arising

from causes beyond the control of Defendant, of any entity controlled by Defendant, or of

Defendant's contractors, that delays or prevents the performance of any obligation under this

Consent Decree despite Defendant's best efforts to fulfill the obligation.  Given the need to

protect public health and welfare and the environment, the requirement that Defendant exercise

"best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force

majeure and best efforts to address the effects of any potential force majeure (a) as it is occurring

and (b) following the potential force majeure, such that any delay or non-performance is, and any

adverse effects of the delay or non-performance are, minimized to the greatest extent possible.

"Force majeure" does not include financial inability to perform any obligation under this

Consent Decree.

35.     If any event occurs for which Defendant will or may claim a force majeure,

Defendant shall provide notice by email to EPA.  The deadline for the initial notice is 3 days

after Defendant first knew or should have known that the event would likely delay or prevent

performance.  Defendant shall be deemed to know of any circumstance of which any contractor

of, subcontractor of, or entity controlled by Defendant knew or should have known.

36.     If Defendant seeks to assert a claim of force majeure concerning the event, within

7 Days after the notice under Paragraph 35, Defendant shall submit a further notice to EPA that

includes (a) an explanation and description of the event and its effect on Defendant's completion

of the requirements of the Consent Decree; (b) a description and schedule of all actions taken or

to be taken to prevent or minimize the delay and/or other adverse effects of the event; (c) if

applicable, the proposed extension of time for Defendant to complete the requirements of the

13

Consent Decree; (d) Defendant's rationale for attributing such delay to a force majeure; (e) a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health or welfare or the environment; and (f) all available proof supporting the claim that the delay was attributable to a force majeure.

37.     Failure to submit a timely or complete notice or claim under Paragraphs 35 or 36 regarding an event precludes Defendant from asserting any claim of force majeure regarding that event, provided, however, that EPA may, in its unreviewable discretion, excuse such failure if it is able to assess to its satisfaction whether the event is a force majeure, and whether Defendant has exercised its best efforts, under Paragraph 34.

38.     After receipt of any claim of force majeure, EPA will notify Defendant of its determination whether EPA agrees that the delay or prevention of performance is attributable to a force majeure event, and, if so, the excuse of, or the extension of time for, performance of the obligations affected by the force majeure.  An excuse of, or extension of the time for performance of, the obligations affected by the force majeure does not, of itself, excuse or extend the time for performance of any other obligation.

39.     If Defendant elects to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), it shall do so no later than 15 Days after receipt of EPA's notice.  In any such proceeding, Defendant has the burden of proving that it is entitled to relief, that its proposed excuse or extension was or will be warranted under the circumstances, and that it complied with the requirements of Paragraphs 34 through36.  If Defendant carries this burden, the delay or non-performance at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

14

## IX.    DISPUTE RESOLUTION

40.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  Defendant's failure to seek resolution of a dispute under this Section concerning an issue of which it had notice and an opportunity to dispute under this Section prior to an action by the United States to enforce any obligation of Defendant arising under this Decree precludes Defendant from raising any such issue as a defense to any such enforcement action.

41.     <u>Informal Dispute Resolution</u>.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends DOJ and EPA a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 45 Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

42.     <u>Formal Dispute Resolution</u>.  Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending DOJ and EPA a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

15

43.     The United States will send Defendant its Statement of Position within 45 Days of receipt of Defendant's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position is binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

44.     <u>Judicial Dispute Resolution</u>.  Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute.  The motion (a) must be filed within 10 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph; (b) may not raise any issue not raised in informal dispute resolution pursuant to Paragraph 42, unless the Plaintiffs raise a new issue of law or fact in the Statement of Position; (c) shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation; and (d) shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

45.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court.  Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

46.     <u>Standard of Review</u>

        a.      <u>Disputes Concerning Matters Accorded Record Review</u>.  Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 42 pertaining to all disputes that are accorded review on the administrative record under applicable principles of administrative law, Defendant shall have the burden of

16

demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

b. <u>Other Disputes</u>.  Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 42, Defendant shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

47.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 29.  If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

## X.    INFORMATION COLLECTION AND RETENTION

48.    The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any facility covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:

a.    monitor the progress of activities required under this Consent Decree;

b.    verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

c.    obtain samples and, upon request, splits of any samples taken by Defendant or its representatives, contractors, or consultants;

d.    obtain documentary evidence, including photographs and similar data; and

17

       e.      assess Defendant's compliance with this Consent Decree.

49.     Upon request, Defendant shall provide EPA or its authorized representatives splits of any samples taken by Defendant.  Upon request, EPA shall provide Defendant splits of any samples taken by EPA.

50.     Until five years after the termination of this Consent Decree, Defendant shall retain reports submitted to EPA pursuant to Section 5 (RIN Retirement and Reporting), documents relevant under Paragraphs 4 and 5 and Section IV (Civil Penalty), and any other documents necessary to demonstrate compliance with this Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any reports and documents required to be maintained under this Paragraph.

51.     At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendant shall deliver any such documents, records, or other information to EPA.  Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Defendant asserts such a privilege, it shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendant.  However, no documents,

records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

52.     Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2 and applicable law.

53.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XI.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

54.     This Consent Decree resolves only the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.

55.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CAA or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 54.

56.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any

action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CAA, 42 U.S.C. § 7401, et seq., or with any other provisions of federal, State, or local laws, regulations, or permits.

57.     This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

58.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XII.   COSTS

59.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XIII.   NOTICES

60.     Unless otherwise specified in this Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and sent by mail or email (with a preference for email), addressed as follows:

20

| | |
|---|---|
| As to DOJ by email (preferred): | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-5-2-1-12553 |
| As to DOJ by mail: | EES Case Management Unit<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C.  20044-7611<br>Re: DJ # 90-5-2-1-12553 |
| As to EPA by email (preferred): | Bickmore.Ryan@epa.gov |
| As to EPA by mail: | Director, Air Enforcement Division<br>Office of Enforcement and Compliance Assurance<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Ave., N.W. Mail Code 2422A<br>Washington, D.C.  20460 |
| | Ryan Bickmore<br>Attorney-Advisor<br>Air Enforcement Division<br>Office of Enforcement and Compliance Assurance<br>U.S. Environmental Protection Agency<br>1595 Wynkoop Street (8MSU)<br>Denver, CO  80202 |
| As to Defendant by email (preferred): | CCheshire@colonialgroupinc.com |
| As to Defendant by mail: | Clay Cheshire<br>Executive Vice President, CFO<br>Colonial Group, Inc.<br>101 North Lathrop Ave. (31415)<br>P.O. Box 576<br>Savannah, GA 31402-0576 |

61.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

US 175122307v1

62.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing or transmission by email, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XIV.   EFFECTIVE DATE

63.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XV.    RETENTION OF JURISDICTION

64.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections IX (Dispute Resolution) and XVI (Modification), or effectuating or enforcing compliance with the terms of this Decree.

## XVI.   MODIFICATION

65.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

66.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 46, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

US 175122307v1

XVII.   TERMINATION

67.     After Defendant has completed the requirements of Section V (RIN Retirement and Reporting Requirements), has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, and has complied with all other requirements of this Consent Decree, Defendant may serve upon the United States a Request for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

68.     Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

69.     If the United States does not agree that the Decree may be terminated, Defendant may invoke Dispute Resolution under Section IX.  However, Defendant shall not seek Dispute Resolution of any dispute regarding termination until 60 Days after service of its Request for Termination.

XVIII. PUBLIC PARTICIPATION

70.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Defendant consents to entry of this Consent Decree without further

23

notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

## XIX.   SIGNATORIES/SERVICE

71.      Each undersigned representative of Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice identified on the DOJ signature page below, certifies that that person is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party that person represents to this document.

72.      This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX.   INTEGRATION

73.      This Consent Decree, including deliverables that are subsequently approved pursuant to this Decree, constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements, and understandings, whether oral or written, concerning the subject matter of the Decree herein.

US 175122307v1

XXI.    26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

74.     For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the

Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2),

performance of Paragraph 5 of Section II (Applicability), Paragraphs 12-14 and 16-17 of Section

V (RIN Retirement and Reporting Requirements), Paragraph 18 of Section VI (Certification

Requirements), and Paragraphs 48-51 of Section X (Information Collection and Retention) is

restitution, remediation, or required to come into compliance with law.

XXII.   HEADINGS

75.     Headings to the Sections and Subsections of this Consent Decree are provided for

convenience and do not affect the meaning or interpretation of the provisions of this Consent

Decree.

XXIII. FINAL JUDGMENT

76.     Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment of the Court as to the United States and Defendant.

**SO ORDERED**, this 25th day of September, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

25

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Colonial Oil Industries, Inc.*

FOR THE UNITED STATES OF AMERICA:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 04/09/2024

**KAYCI HINES** Digitally signed by KAYCI HINES
Date: 2024.04.09 11:43:50 -04'00'

KAYCI G. HINES
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC  20044-7611

26

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Colonial Oil Industries, Inc.*

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Date: _____

DAVID UHLMANN

Digitally signed by DAVID UHLMANN
Date: 2024.03.04 18:35:18 -05'00'

_____

DAVID M. UHLMANN
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC  20460

ROSEMARIE A. KELLEY
Director, Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC  20460

MARY E. GREENE
Director, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC  20460

OF COUNSEL:

Ryan Bickmore
Attorney-Advisor
U.S. Environmental Protection Agency
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Ave., NW
Washington, DC  20460

27

US 175122307v1

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Colonial Oil Industries, Inc.*

FOR COLONIAL OIL INDUSTRIES, INC.

February 27, 2024

_____

Date

Clayton D. Cheshire

Digitally signed by Clayton D. Cheshire
Date: 2024.02.27 10:23:45 -05'00'

Clay Cheshire
Executive Vice President, CFO
Colonial Group, Inc.
101 North Lathrop Ave. (31415)
P.O. Box 576
Savannah, GA 31402-0576

28

US 175122307v1